**Ex parte Ted WOLFF, Petitioner,**

v.

**Arvid OWSLEY, Sheriff, Respondent.**

No. 23111.

Kansas City Court of Appeals.

Missouri.

Dec. 7, 1959.

On Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 9, 1960.

John J. Manning, Robert S. Fousek, Kansas City, for petitioner.

Rogers, Field, Gentry & Jackson, Richard K. Phelps, Kansas City, for respondent.

PER CURIAM.

This is an original habeas corpus proceeding. Petitioner, Ted Wolff, was found guilty of contempt by the Circuit Court of Jackson County, Missouri, for having violated the terms of an injunction issued by that court.

The circumstances, conditions, pleadings, facts, evidence and law regarding this matter are for all practical appellate purposes identical with those in Angle v. Owsley, Mo.App., 332 S.W.2d 457, in which case our opinion is being handed down concurrently. The opinion in that case applies completely to this case and it is unnecessary to repeat that opinion either in whole or in part.

Therefore, the Writ of Habeas Corpus here is made permanent. Defendant is discharged from custody and his bail bond is released.

On Motion for Rehearing or to Transfer to Supreme Court.

Respondent's motion for rehearing interprets our principal opinion as holding that in habeas corpus a final judgment is subject to collateral attack on the merits. That is not the effect of our opinion, and it should not be so construed.

The principal opinion holds and we declare it again briefly but precisely: First, peaceful picketing is a field preempted by the Federal Government. Second, the state courts were divested of jurisdiction in that field. Third, the injunction order shows on its face that it was in restraint of peaceful picketing—the preempted field—and outside the state courts' jurisdiction. Therefore, for want of jurisdiction, neither the injunction in this respect nor the commitment for contempt thereunder may stand.

Respondent's motion for rehearing or in the alternative for transfer to the Supreme Court is overruled.